In the Matter of the Transfer Tax on the Estate of JULIA B. THAYER, Deceased.

THE COMPTROLLER OF THE STATE OF NEW YORK, Appellant; FREDERICK H. KINGSBURY et al., as Executors and Trustees, Respondents.

1. TRANSFER TAX — APPRAISAL OF CAPITAL STOCK OF RAILROAD CORPORATION — NON-RESIDENT. In proceedings to ascertain the value of the stock of a railroad corporation belonging to the estate of a non-resident decedent for the purposes of assessing a transfer tax thereon, where the property of the railroad is located in this and another state, the computation of value may be made upon the proportionate part of the property located in this state, and for that purpose the apportionment may be based upon the total track mileage (*Matter of Cooley*, 186 N. Y. 220), but as no method of arriving at such value is provided by statute, such method is not exclusive.

2. QUESTION OF FACT. As the method of appraisal is not fixed by statute, the question of value is one of fact.

*Matter of Thayer*, 126 App. Div. 951, affirmed.

(Argued November 10, 1908; decided November 24, 1908.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June

26, 1908, which affirmed an order of the New York County Surrogate's Court assessing a transfer tax on the estate of Julia B. Thayer, deceased.

The facts, so far as material, are stated in the opinion.

*Charles M. Russell* for appellant. The "decent regard" for the statutes and decisions of a sister state over the same subject-matter, called for by the decision of this court in *Matter of Cooley*, and the expressed desire of the court to secure a method of apportionment which each state interested might well follow as practicable and reasonable, has been ignored by the decision herein. (*Matter of Cooley*, 186 N. Y. 220; *Matter of Thayer*, 82 N. E. Rep. 700.)

*Charles P. Howland* and *Robert McC. Marsh* for respondent. Allowance was properly made in the Fitchburg stock for the ocean terminals. (*P., etc., R. Co.* v. *Backus*, 154 U. S. 421; *A. E. Co.* v. *Ohio*, 166 U. S. 185; *Fargo* v. *Hart*, 193 U. S. 490.)

WILLARD BARTLETT, J. This controversy relates to the transfer tax upon certain shares of stock belonging to the estate of a non-resident decedent in the Boston and Albany Railroad Company and the Fitchburg Railroad Company. Both companies are incorporated under the laws of Massachusetts as well as under the laws of New York, and each company owns property in both states. In *Matter of Cooley* (186 N. Y. 220) this court decided that such stock should be assessed for the purposes of the transfer tax at a value representing the corporate property within this state, to be arrived at by ascertaining the proportionate value of the property of the corporation situated in New York with reference to that of the property situated in Massachusetts. It was suggested in the opinion that this value might be computed with substantial accuracy by "an apportionment based upon trackage or figures drawn from the books or balance sheets of the company." Accordingly in the present case the surrogate adopted the total track mileage of the Boston and Albany railroad

and the Fitchburg railroad as the basis for his computation; and neither party, upon the argument of the appeal in this court, finds any fault with his action in this respect. It was made to appear, however, upon the hearing before the appraiser that the Fitchburg Railroad Company owns in Boston and in Somerville, Massachusetts, certain grain elevators and connecting tracks which are described as being "outside of and apart from the ordinary freight and passenger terminals of the road." This so-called special property was deducted by the surrogate from the total capital before apportioning the stock on a mileage basis, and the learned counsel for the comptroller insists that this was an error which demands a reversal of the order. He argues that it is a departure from the method of assessment approved by this court in *Matter of Cooley* (*supra*), which might wisely be accepted by both of the states concerned in the taxation of a transfer of stock representing property partly situated in one state and partly in the other.

It must be borne in mind, however, that the observations in the *Cooley* case as to what would be a convenient, practicable and substantially correct method of computing the transfer tax upon property of this character were merely by way of suggestion to be adopted if the appraising officials saw fit, but were not intended to be controlling upon them. Judge HIS-COCK took pains to point out that, if the parties so desired, an appraisal based upon an apportionment of the entire property situated in New York and in Massachusetts might be carried to the extent of a detailed inventory comprising very numerous items. Such an appraisal might involve a wasteful expenditure of labor with a result not practically different from one based upon the proportion of total track mileage in each state, and yet if the parties insisted upon adopting that course it could not be condemned as matter of law. To render the method recommended in the *Cooley* case the sole standard to be adopted, it must be prescribed by an act of the legislature, as has been done in Massachusetts. (Mass. Laws of 1907, ch. 563, § 2.)

In the case at bar the effect of the decision of the surrogate is to hold that a deduction of the special property of the Fitchburg Railroad Company, which has been mentioned, consisting of marine terminals in Boston and Somerville, not used in the ordinary business of the corporation, was necessary in order to determine the true value of the stock. The valuation of the stock is a question of fact. The decision of the surrogate on this question of fact has been unanimously affirmed by the Appellate Division, and, as it involves no error of law, it is conclusive in this court.

The order of the Appellate Division should, therefore, be affirmed, with costs.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, HISCOCK and CHASE, JJ., concur.

Order affirmed.