In the Matter of the Transfer Tax upon the Estate of
JOSEPHINE SLOSSON, Deceased.

HARRIS D. COLT, as Executor, et al., Appellants; THE
COMPTROLLER OF THE STATE OF NEW YORK, Respondent.

Tax — will probated before enactment of statute imposing a
transfer tax — will creating life estate and empowering bene-
ficiary to bequeath estate — when children of beneficiary may
take under original will instead of will of beneficiary and thus
escape payment of transfer tax.

A will, probated before the enactment of the statute imposing a
transfer tax, created a trust estate and gave the beneficiary the
power to dispose of the estate by her will and provided that in
default of any will of the beneficiary the trustees should pay the
estate to those who would receive it had the beneficiary died intes-
tate and its owner. The will of the beneficiary gave part of the
estate to her children, who would have taken under the will creat-
ing the trust estate in default of a will by the beneficiary, and the
remainder to persons who would not have so taken. *Held*, that the
children of the beneficiary have the right to elect to take the two-
thirds under the will creating the trust and not under that of their
mother; that the value of the shares of such children should be
deducted from the value of the estate, and that the tax be fixed
upon the remaining value.

*Matter of Slosson*, 168 App. Div. 891, reversed.

(Argued September 29, 1915; decided October 12, 1915.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the first judicial department, entered
April 9, 1915, which affirmed an order of the New York
County Surrogate's Court assessing a transfer tax upon
the estate of Josephine Slosson, deceased.

The facts, so far as material, are stated in the opinion.

*Hugo Kohlmann, Carroll H. Brewster* and *A. Henry
Mosle* for appellants. The portion of the Naylor trust
property received by the Slosson children passed to them
under the Naylor will and constituted, therefore, a trans-

fer taking effect at the date of Naylor's death, which, being prior to the enactment of the Transfer Tax Law, was not subject to tax thereunder. The children of Josephine Slosson had the right to elect to take under the Naylor will. (*Matter of Lansing,* 182 N. Y. 238; *Matter of Haggerty,* 128 App. Div. 479; 194 N. Y. 550; *Matter of Chapman,* 133 App. Div. 337; 196 N. Y. 561; *Matter of Hoffman,* 161 App. Div. 836; 212 N. Y. 604; *Matter of Ripley,* 122 App. Div. 419; 192 N. Y. 536; *Matter of Enston,* 113 N. Y. 174; *Matter of Fayerweather,* 143 N. Y. 114; *Matter of Vassar,* 127 N. Y. 1; *Matter of Cooley,* 186 N. Y. 220; *Matter of Wolfe,* 89 App. Div. 349.) The right of election and exemption from taxation applies to contingent as well as vested remainders, under wills taking effect before the enactment of the Transfer Tax Law. (*Matter of Lansing,* 182 N. Y. 238; *Matter of Smith,* 150 App. Div. 805; *Matter of Backhouse,* 110 App. Div. 737; 185 N. Y. 544.) The fact that the limitation to the remaindermen under the Naylor will is in default of appointment by Mrs. Slosson, rather than subject to the exercise of such power, does not defeat the right of election of such remaindermen. (*Matter of Haggerty,* 128 App. Div. 479; 194 N. Y. 550; *Matter of Hoffman,* 161 App. Div. 836; 212 N. Y. 604.) The Slosson children duly asserted their election to take under the Naylor will and were not in any way foreclosed from so doing. (*Matter of Chapman,* 133 App. Div. 337; 196 N. Y. 561.)

*Schuyler C. Carlton, Alexander Otis* and *Lafayette B. Gleason* for respondent. As Josephine Slosson left a will it cannot be said that she failed to make one and that property passes " in default " of such will. (*Matter of Chapman,* 133 App. Div. 337; *Matter of Lansing,* 182 N. Y. 238; *Matter of Haggerty,* 128 App. Div. 479; 194 N. Y. 550; *Matter of Backhouse,* 110 App. Div. 737; 194 N. Y. 550; *Matter of Smith,* 150 App. Div. 805; *Matter*

*of Daws,* 167 N. Y. 227; *Matter of Cooksey,* 182 N. Y. 92; *Matter of Delano,* 176 N. Y. 486.)

COLLIN, J. The will of Peter Naylor, which was probated before there was any statute in force which imposed an inheritance or transfer tax, created a trust estate for the benefit of Josephine Slosson and gave her the power to dispose of it by her will. It provided further that in default of such last will and testament of Josephine the trustees should pay the trust estate to those who would receive it had Josephine died intestate and its owner. The will of Josephine disposed of about two-thirds of it in equal shares to her children, who would have so taken it under the will of Naylor in default of the disposition of it by the will of Josephine, and of about one-third to persons who would not have so taken. The children elected to take the two-thirds under the will of Naylor and not under that of Josephine. The surrogate held that the will of Josephine was a valid and effective disposition of the trust estate, because of the diversion of the one-third thereof to persons who would not be entitled to any of the fund if the power had not been exercised by her, and the shares of the children were subject to the transfer tax. The Appellate Division approved that conclusion.

In *Matter of Lansing* (182 N. Y. 238) we decided that (a) legislation subsequent to the probate of a will could not authorize a tax upon the transfer of property effected solely by means of the will, with no aid from the power of appointment; (b) disposition under the power of appointment of the entire trust estate to the persons who would have taken it in default of the exercise of the power and as they would have then taken it did not force those persons to take under the exercise of the appointment and left them free to elect to take thereunder or under the original provision; (c) that the acceptance by those persons of a bequest by the appointee of the power of his

own property did not constitute an acceptance under the appointment; and (d) it is immaterial whether the remainder under the original provision or bequest is vested or contingent.   In the present case there remains unanswered by the *Lansing* case the one question, did the valid disposition by Josephine of a part of the trust estate to persons entitled solely through such disposition destroy the right of the children to elect to take the balance of the trust estate under the will of Naylor ?

This question is answered in the negative by the principle declared in *Matter of Ripley* (192 N. Y. 536). While the power of appointment in that case was expressly limited by the language creating it, our decision established the principle that the valid exercise of the power of appointment as to a part of the trust estate with an ineffectual attempt or a failure to exercise it as to the balance of the trust estate does not preclude the taking, by those entitled, under the will of the grantor of the power of their shares as diminished by the exercise of the power.   It is immaterial whether there is a neglect or failure to exercise the power as to the balance of the trust estate, or an attempt to exercise it ineffectual because of the refusal of the donees to accept the disposition.   In either of such cases, there is a failure of disposition under the appointment and the original will effects the transfer of the part of the trust estate undisposed of.

The order of the Appellate Division should be reversed, with costs in the Appellate Division and this court.   The proceeding should be remitted to the Surrogate's Court of New York county with direction to modify its order by deducting from the value of the estate the value of the shares of the children of Josephine Slosson, and fixing the tax upon its remaining value.

WILLARD BARTLETT, Ch. J., CHASE, CUDDEBACK, HOGAN, SEABURY and POUND, JJ., concur.

Order reversed, etc.