In the Matter of the Transfer Tax upon the Estate of FANNIE
KING, Deceased.

THE COMPTROLLER OF THE STATE OF NEW YORK, Appellant;
CHARLES K. BERWIN et al., Respondents.

*(Court of Appeals, March 7, 1916.)*

WILLS—TRANSFER TAX—THE TERM " CHILDREN " DOES NOT INCLUDE GRAND-
CHILDREN, UNLESS THERE IS SOMETHING IN THE WILL TO SHOW THAT THE
WORD WAS SO USED—EXERCISE OF POWER OF APPOINTMENT BY BENEFICIARY
OF TRUST FUND—WHEN APPOINTEES THEREOF DO NOT TAKE UNDER ORIGINAL
WILL SO AS TO AVOID TRANSFER TAX.

1. In the construction of wills the term " children " does not include
grandchildren or more remote descendants, unless there is something in
the will to show that the word was used in a broader sense.   (Pimel v.
·Betjemann, 183 N. Y. 194, followed.)

2. Tetator bequeathed to a daughter the income of a trust fund with
the power of appointment by will in favor of her children and their
issue, or, in case she had no child or issue, as she might direct.   In
default of such appointment or issue the fund was to revert to the estate
of the testator " and be divided between and among all my other surviving
children share and share alike in equal portions."   Testator's daughter
exercised the power of appointment by her will, which has been duly
probated, in favor of her nephews, the respondents, children of a de-
ceased sister, who were, at her death, the only surviving heirs at law
and next of kin of their grandfather.   They have, in order to escape the
payment of a transfer tax thereon, rejected the title tendered to them
by the will of testator's said daughter and assert that their title to the
fund was perfect without it.   *Held,* that the grandchildren take no title
under the will of their grandfather; nor does the trust fund pass to
them under the rule of intestate succession.   The obvious construction of
the two wills leads to the conclusion that the grandchildren received
the trust fund pursuant to the exercise of the power of appointment
only, and hence the fund is subject to a transfer tax.   (Matter of
Lansing, 182 N. Y. 238; Matter of Slosson, 216 N. Y. 79, distinguished.)

Matter of King, 171 App. Div. —, reversed.

(Argued February 25, 1916; decided March 7, 1916.)

APPEAL from an order of the Appellate Division of the Su-
preme Court in the first judicial department, entered Novem-

ber 5, 1915, which affirmed an order of the New York County Surrogate's Court exempting from transfer tax a certain trust fund over which decedent had a power of appointment.

The facts, so far as material, are stated in the opinion.

Schuyler C. Carlton, Alexander Otis and Lafayette B. Gleason for appellant. The term " children " does not include " grandchildren " unless there is something in the will to show that the word was used in a broader sense. (Mowatt v. Carow, 7 Paige, 328; Palmer v. Horn, 84 N. Y. 516; Matter of Truslow, 140 N. Y. 599; Pimel v. Betjemann, 183 N. Y. 194; Matter of Keogh, 126 App. Div. 285; Davies v. Davies, 129 App. Div. 379, 197 N. Y. 598; Hurlbert v. Gerow, 148 N. Y. 378; Marsh v. Hague, 1 Edw. Ch. 174; Shannon v. Pickell, 55 Hun, 127; Matter of Seebeck, 63 Hun, 179; Matter of Brown, 93 N. Y. 295; Matter of Paton, 111 N. Y. 480; Pfender v. Depew, 136 App. Div. 636.) The grandchildren could not take by the intestacy of Charles King. (Knickerbocker Trust Co. v. King, 126 App. Div. 691; Clarke v. Cammann, 160 N. Y. 315; Doane v. Mercantile Trust Co., 160 N. Y. 494; Matter of Burgess, 204 N. Y. 265.)

J. J. Kramer and William H. Austin for respondents. The term " children " is flexible and includes grandchildren whenever the " reason of the thing " demands it. (Pfender v. Depew, 136 App. Div. 636; Prowitt v. Rodman, 37 N. Y. 42.) The " reason of the thing " demands that these respondent grandchildren shall be included within the term " children " in Charles King's will. (Matter of Paton, 111 N. Y. 480; Matter of Truslow, 140 N. Y. 604; Matter of Farmers L. & T. Co., 213 N. Y. 168.) These respondent grandchildren could elect as heirs at law and next of kin of Charles King benefiting by any reverter to his estate which took place at Fannie King's death. (Matter of Slosson, 216 N. Y. 79; Matter of Vassar,

127 N. Y. 112; Matter of Euston, 113 N. Y. 174; Matter of
Lansing, 182 N. Y. 238.)

Pound, J.— Fannie King died August 3, 1913, leaving no
husband, child or issue of a deceased child, brother or sister.
Under the will of her father, Charles King, who died in the
year 1862, she had the income of a trust fund of $70,750 with
the power of appointment by will in favor of her children and
their issue or, in case she had no child or issue, as she might
direct.    In default of such appointment the fund was to go
to " her children and their issue," or in case she left no " child
or issue " or husband to revert to the estate of Charles King
" and be divided between and among all my [his] other sur-
viving *children* share and share alike in equal portions."
   Fannie King exercised the power of appointment by her will
which was duly probated by the Surrogate's Court of New York
county on September 12, 1913, in favor of the respondents, her
nephews, Charles K. Berwin, Albert J. Berwin, Gabriel A.
Berwin and Nathan A. Berwin, in equal shares.    They are the
children of her sister, Jane Berwin, deceased, and at the death
of Fannie King they were the only surviving heirs at law and
next of kin of their grandfather, said Charles King.
   These nephews of Fannie King and grandchildren of Charles
King rejected the title tendered to them by the will of Fannie
King and asserted that their title to the fund was perfect with-
out it for the reason that if the power of appointment had not
been exercised by Fannie King they would nevertheless take
under the rule in the Lansing Case (182 N. Y. 238), and the
Slosson Case (216 N. Y. 79).    If their right to take this trust
fund from their grandfather, Charles King, can clearly be estab-
lished, the transfer is not taxable.    Charles King died many
years before the State taxed transfers by will or inheritance,
and the rule is well established that where appointees take
nothing by virtue of the exercise of the power which they would

not take without it a disclaimer under the one source of title
and an exclusive claim under the other will in such cases relieve
the fund from the transfer tax.

The question is whether the title of respondents is perfect
without the power of appointment exercised by their aunt in
their behalf. They claim, *first,* that the direction of Charles
King that in default of the exercise of said power by Fannie
King the fund shall be divided between the " surviving chil-
dren " of Charles King should be so construed as to include
grandchildren under the rule that " the term ' children ' may
include issue however remote, and will be held so to include
*whenever the reason of the thing demands it."* (Prowitt v.
Rodman, 37 N. Y. 42, 58.)

Against this rule may be balanced the rule that " Nothing is
better settled in the law of wills than that the term ' children '
does not include grandchildren or more remote descendants,
*unless there is something in the will* to show that the word was
used in a broader sense. * * * Where, however, a testator
writes or speaks of his children in general terms he does not
include grandchildren." (Pimel v. Betjemann, 183 N. Y.
194, 200.)

The respondents herein certainly gained something by the
power of appointment exercised by Fannie King. Their title
was perfected to the extent that it was not left to depend upon
the correct application of shifting rules of interpretation which
sometimes include grandchildren in and sometimes exclude
them from the term " children." The only " reason of the
thing " which demands that the word " children " should in-
clude " grandchildren " in this case is that if respondents are
so included by a strained application of the law of wills, the
transfer to them may escape taxation. The reason is not con-
vincing. If they see fit to reject the clear title that the will
of Fannie King gives them " the reason of the thing " requires

that they should show an equally good title under the will of Charles King and this they fail to do.

But they urge that if the word " children " does not include " grandchildren " there is then a partial intestacy and they take from the estate of Charles King under the rules of intestate succession, which would equally exempt the transfer from taxation. Intestacy must be considered as of the death of the intestate and not as of the death of the life tenant. (Clark v. Cammann, 160 N. Y. 315.) It does not appear that the Berwins are entitled to take merely because they are the only next of kin of Charles King *who survived Fannie King;* and again, their claim based on this ground rests on the possible application of technical rules for the construction of the will of Charles King, and not on the clear language of the will of Fannie King. Exemption from the transfer tax under this claim should appear with reasonable certainty, and should not be laboriously spelled out with the aid of canons of construction formulated with a view to determining the intent of the testator when the language of the will is ambiguous. The intent of Charles King was that the fund should not pass under his will nor revert to his estate unless his daughter failed to exercise the power of appointment. We are doing no violence to his intention when we refuse to change his language or to force partial intestacy upon him. The obvious construction of the two wills leads to the conclusion that respondents received the trust fund pursuant to the exercise of the power of appointment by Fannie King only, and it follows that the fund was subject to the transfer tax.

The orders of the Appellate Division and of the surrogate should be reversed, with costs in all courts, and the original *pro forma* taxing order affirmed.

WILLARD BARTLETT, Ch. J., CHASE; COLLIN, CUDDEBACK and SEABURY, JJ., concur; CARDOZO, J., not sitting.

Orders reversed, etc.