Matter of the Transfer Tax upon the Estate of ALICE DEAN WARD CHAUNCEY, Deceased.

(Surrogate's Court, New York County, January, 1918.)

Transfer tax — what taxable — wills — appeal — legacy — taxes.

By the will of decedent's father, probated before the date when property passing under a power of appointment was subject to a transfer tax, his residuary estate was divided into four parts one of which was given to the decedent herein, his daughter, for life with power to appoint the same by her own last will and testament and in the event of her failure to so appoint the remainder interest in her share was given by her father's will to the children of his two sons, named, and to the issue of any such grandchildren *per stirpes*.   Seven grandchildren of the testator survived him and the decedent herein, and she by her last will and testament appointed one-seventh to Z, one of said grandchildren, giving her also a large pecuniary legacy, one-seventh to T, another of said grandchildren, and the remaining five-sevenths to persons other than the seven

grandchildren. Z and T filed an affidavit and letters which in substance provide that they elect to take their one-seventh portions under the will of their grandfather reserving the right to take under the power of appointment in so far as said will was insufficient to pass what might be transferred by their aunt's exercise of the power of appointment. On appeal from an order assessing a transfer tax, *held,* that as Z took more under the power of appointment than under her grandfather's will the transfer to her was taxable in the five per cent class.

That as without the exercise of the power of appointment T was entitled to one-seventh of the estate and took no more under said power, his share was taxable in the one per cent class in a transfer tax proceeding upon the estate of his grandfather.

APPEAL from an order fixing and assessing the transfer tax.

Hornblower, Miller, Garrison & Potter (Charles A. Boston, of counsel), for appellants Zada T. Dean and Thompson Dean.

Lafayette B. Gleason (John B. Gleason, of counsel), for state comptroller.

FOWLER, S.    This is an appeal in the ordinary course from the appraisal made by the appraiser and from the order fixing and assessing the tax. The legal question involved is, whether property belonging to the estate of Thompson Dean, deceased, is taxable as passing under his will, or whether the property is to be taxed as passing under the will of his daughter, Alice D. W. Chauncey, above named, by reason of her execution of a power of appointment vested in her by the will of Thompson Dean, her father. The will of Thompson Dean was probated May 7, 1896, before the date when property passing under a power of appointment was made taxable by act of the legislature. Mr. Dean's will divided his residuary estate into four parts. It is with one of these portions only that we are now con-

cerned.  Such share was given in trust for the benefit of the said daughter for her life, with power to her to appoint the same by her own last will and testament. In the event of her failure to appoint, the remainder interest in the daughter's share was given by her father's will to the children of the testator's sons, William T. Dean and Charles F. Dean, and to the issue of any such grandchildren *per stirpes.*  At the time of the elder Thompson Dean's death he had living seven grandchildren.  They were likewise living at the time of the death of his daughter Alice.  The said daughter, pursuant to the power of appointment so vested in her, appointed one-seventh to Zada T. Dean, one of the said grandchildren, giving her also an additional $20,000; one-seventh to a grandson, Thompson Dean, the younger, and the remaining portion of the appointer's share, amounting approximately to five-sevenths thereof, to persons other than the said grandchildren.  Zada T. Dean and Thompson Dean the younger both claim that the one-seventh shares appointed to them respectively by their aunt's will are not taxable.  No point, however, is made by Zada T. Dean that the additional $20,000 is not taxable.  Both grandchildren have filed an affidavit and letters which, in substance, provide that they elect to take their one-seventh portions under the will of their grandfather, Thompson Dean, in preference to taking under the power executed by the will of their aunt.  But they so elect provisionally, *or to the extent that the grand-father's will is sufficient.*  That is, their election is not an unqualified renunciation of any and all benefits under the power of appointment in the will of the aunt. It is merely a statement of what they conceive to be the rule of law applicable to their interests, and a declaration that such rule of law is invoked by them.  They expressly reserve the right to take under the power of

appointment, in so far as the will of their grandfather is insufficient to convey what may be transferred by their aunt's appointment.

A preliminary objection taken is that it is unconstitutional to assess property passing under a power of appointment when the will of the donor was probated prior to the statute enacting the tax, namely, chapter 284, Laws of 1897, and amendments. Whatever the merits of this contention may be, the question is foreclosed in this particular court. *Chauncey* v. *Kelsey,* 205 U. S. 466.

The real question presented by the appellants is one, however, which requires our attention. An examination of the authorities and the extraction therefrom of the true rule would seem to necessitate the taxation of Zada T. Dean's share and the exemption of that of Thompson Dean. The rule invoked is frequently stated to be that where the same property may pass both under a will and under a power of appointment granted by that will, the beneficiary may elect to take the property either under the will of the donor of the property or under the execution of the power. If the beneficiary of the will, and also of the power in trust to appoint, elect to take under the power the property is now taxable as passing by a power of appointment. But otherwise in some instances as to wills operative before 1892. I think that the rule thus invoked must, however, be more precisely formulated if it is to be correctly applied in such cases as this. I shall not stop to recount the origin of this rule, or its limitations, as it is not necessary for this case.

It is important to note *in limine* that by the term " election," used in the so-called rule mentioned, an affirmative, intentional election is not intended but only a disclaimer. Where there is an express renunciation or rejection of all benefits of a power of appointment,

Surrogate's Court, New York County, January, 1918.  [Vol. 102.

obviously the interest of the designated beneficiary of
the power cannot be assessed as passing under a power
of appointment.   The power is then quite out of the
case.   Property cannot be thrust by a power upon one
without his consent.   There is in the instance of every
devolution of property, under a unilateral instrument,
a *locus penitentiae,* for the purpose of enabling the
donee to decide whether to accept or reject the gift.
Where no express renunciation is made or required,
the situation in law becomes entirely different.   Then
the effect of the exercise of the power of appointment
must be determined in order to see whether the trans-
feree does in fact and in law take under the power of
appointment or under the original will.   In the latter
instance the ratiocinative process is entirely objective,
as any " election " is unnecessary.   In the one instance
the tax is not imposed, because the transferee under
the power has determined for himself and unequivo-
cally repudiated all the benefits conferred by the exer-
cise of the power.   In the other instance the tax is not
imposed, for the reason that the exercise of the power
has in no way supplemented the share which the trans-
feree by law takes under the original will.

The failure to differentiate the processes to be
employed in the application of principle in the two
classes of cases denoted sometimes works error.   Obvi-
ously where there is an unambiguous renunciation no
further consideration need be given to the power of
appointment or to its effect.   This was most clearly
pointed out in *Matter of Hoffman,* 161 App. Div. 836;
affd. on opinion of Mr. Justice Laughlin, 212 N. Y.
604.   The appointment under the power in that class
of instances is entirely inoperative.

The situation is different where the election, or to
speak more accurately, the renunciation, is conditional
or provisional.   But if, in determining whether the

power transfers the same interest which would pass
under the donor's will, attention be also paid to the
existence of a so-called election, the true principle may
escape us, and not be applied.  The effect of the power
in transferring a larger or smaller interest than is
given in the donor's will cannot be accurately
appraised when the conclusion is made to depend upon
the transferee's actual intention to accept or reject its
benefits.  The rule invoked will then be entirely differ-
ent in its operation and application.  This is readily
apparent.   Before the benefits of a power can be
rejected or refused, the power must be deemed to have
*pro tanto* operated, and the estates or interests given
in the donor's will cut down or altered by the exercise
of the power.  Furthermore, the election of the donee
of the power can reject only the portion of the property
upon which the power of appointment has operated.
That is, when the effect of a genuine election is to be
considered, two separate processes, one following the
other, become necessary.  It must be manifest that a
failure to dismiss from all consideration any actual
intention to elect will sometimes result in applying the
reverse of the true rule.  Let us take a typical case for
illustration: A by his will bequeaths his property for
life to B and gives the latter a plenary power of
appointment, and, in default of the exercise of the
power, the will of A bequeaths the property to B's
three sons, C, D and E.   B transfers under the power a
general legacy to a stranger and appoints the balance
to C, D and E.   Surely, under *Matter of Slosson,* 216
N. Y. 79, B's three sons take under the will of their
grandfather, and not under B's will.  If the solution
of the question be arrived at by deeming an actual
election exercised, it may follow that if only one of the
three sons elect to take under the will of A the portion
which he rejects will be distributed amongst the three

sons, including himself. C, D and E will each take one-ninth of the estate remaining after the general legacy is deducted. But if the correct rule relative to taxation under powers of appointment be applied, and if we consider the effect of the power objectively, without any heed to any intention of the transferee to elect, each beneficiary will take one-third under the will of A, or precisely the same portion which would pass through the exercise of the power of appointment. In the one case any son who elects cannot take more than one-ninth under the will of his grandfather, and therefore, as a greater interest would pass under the power, and (for the purpose of the illustration, if the election is deemed merely provisional) the interest of A would be taxable. In the second case, where the correct rule is applied, the share of the transferee is precisely the same under the will of A or under the will of B.

The true rule to be applied in such matters as this can be reached only by an entire disregard of any intention to renounce, or of what has been termed an "election." An examination of the authorities will demonstrate this. In *Matter of Lansing,* 182 N. Y. 238, the donee of the power appointed the same person who would have taken under the donor's will in the event of the default in the exercise of the power. The beneficiary took nothing from the power. The execution of the power gave back to the beneficiary precisely what it took away. In *Matter of Cooksey,* 182 N. Y. 92, decided at the same time, the reverse was true and the estate was held taxable. There the exercise of the power did not restore what it was required to take for its operation. As there was no express renunciation the beneficiary's estate was deemed to come through the power and not through the original will. The opinion of the Appellate Division for the second department in *Matter of Ripley,* 122 App. Div. 419, presented

sharply the differences in the application of the principles already pointed out. In that case the first will, the testament of the donor of the power, gave the property to his grandson, the donee of the power, for life, with power to appoint, and in default of appointment the property was to pass to the issue of the life tenant. The grandson appointed equally to his wife and children. It was held that the wife's share was taxable, but not that of the children. The first will was probated before Laws of 1892 (chap. 399) went into effect, and the property was deemed to pass under the first will. The court rested its decision upon two grounds—that the language creating the power indicated that it could not be exercised, unless to persons other than those who would have taken in default of exercise, and on the further ground that, even if it were effectively exercised, nothing passed thereunder which did not pass under the first will. The Court of Appeals affirmed upon the first ground alone. 192 N. Y. 536. That it did not intend to overrule the other reason is manifested by its commentary thereon in a recent decision. *Matter of Slosson*, 216 N. Y. 82.

The language of the Appellate Division in *Matter of Ripley* does refer in its second ground of decision to " election," but the court used that term in the sense of disclaimer and not in the sense of renunciation. The same is true of the reference to that case in *Matter of Slosson, supra. Matter of Hoffman* has already been cited. *Matter of Chapman*, 133 App. Div. 337, cited in the *Hoffman* case, excellently presents the real principle. It is concerned with the effect of the power upon the beneficiary's interest, and this is the determining consideration. Where the power does not transfer to the beneficiary more than the will of the donor of the power, the property is deemed for the purposes of the taxing acts to pass under the latter's will by

operation of law.  In *Matter of Haggerty,* 128 App.
Div. 479, there was an express renunciation.  Without
the renunciation under the principle which we have
stated the property would have been deemed to pass
under the original grantor's will.  The decision, how-
ever, is not an authority for the proposition that an
election is necessary when the power adds nothing to
the property which would have been transferred had
the power not been exercised.  It merely happened in
that case that the transferee for extra assurance did
renounce.

In *Matter of Slosson,* 216 N. Y. 79, the exercise of
the power took away more than it restored to those who
would have taken in case of default in the exercise of
the power.  It was held that the part which was left
was not taxable property passing under the power of
appointment.  In *Matter of King,* 217 N. Y. 358, the
transferees derived their title, or at least a more
perfect title, through the exercise of the power than
they would have received through the donor's will.
In *Matter of Delano,* 176 N. Y. 486, relied upon by
the learned counsel for the state comptroller, affirmed
in *Chauncey* v. *Kelsey, supra,* as well as in *Matter of
Dows,* 167 N. Y. 227; affd., 183 U. S. 278, the question
now under consideration was not directly involved.
The cases, however, are in accord with the true rule.
The constitutionality of the statutes, taxing powers,
in their retroactive aspect, was the real point con-
sidered.  Those cases emphasize the distinctions which
we have pointed out — that it is the effect of the exer-
cise of the power, irrespective of an intentional elec-
tion, which is the determining test.  In those and simi-
lar cases, where the constitutionality of the statute,
imposing the tax upon the exercise of the power of
appointment, was involved, the only question for the
court to determine was whether the original will had

Misc.]    Surrogate's Court, New York County, January, 1918.

sufficient operative effect without the execution of the power. The power of appointment under a will may be taxed on the theory that the privilege of making a will is taxable, but if the property is deemed to pass under the donor's will, even though the power of appointment also purports to transfer the same property, a tax enacted after the first will would necessarily be retroactive in its effect and unconstitutional. The effect of an election on such conclusion was *nil,* for if the property had been deemed not to pass under the exercise of the power of appointment, because of a renunciation of its benefits and an election to take under the original will, it would not have been necessary for the court to consider whether the statute enacting the tax was retroactive and unconstitutional. That question could only have been involved if no real election were deemed present.

Applying the principles indicated to this case now before me, it must be held that the transfer to Zada T. Dean is taxable in the five per cent class. She took more under the power of appointment than under her grandfather's will. The exercise of the power restored more than it removed. If she takes under the power the tax follows. This is not so with the share of Thompson Dean. Without the exercise of the power he was entitled to one-seventh of the estate, and he takes no more under the power. He takes under the will of his grandfather. His share is consequently taxable in the one per cent class in proceedings upon the estate of his grandfather. The so-called " election " need not be relied upon. It is clearly conditional and provisional, and not a renunciation in fact or in law. My conclusion differs from the contentions of both parties.

The order of the appraiser must be modified in accordance with my opinion.

Order modified.