In the Matter of the Estate of HENRY A. C. TAYLOR, Deceased.

Surrogate's Court, New York County, May, 1923.

Transfer tax — non-resident — property passing under power of appointment — when legatees may not elect to take part of property under one will and part under another to escape taxation — real estate — when executor's commissions not allowable as deduction — prorating deductions — taxation of transfer of New York Central Railroad Company stock.

Where under the will of a donee of a power of appointment given by will additional benefits are derived by his appointees, the property passes under that will and is subject to a transfer tax.

By the will of decedent's father, who died a resident of the state of New York in 1882, one-fifth of his residuary estate was bequeathed in trust for the decedent herein with direction to pay the income to him for life. Upon his death the provisions of his father's will applying to this and the trusts for the other children of the testator directed the trustees to "convey, pay and assign to the issue of such child, the part or share held in trust for him or her in such proportions and at such time or times as he or she shall direct and appoint in and by his or her last will and testament and in case of failure to make such appointment, then to such issue absolutely." The power of appointment thus given to the decedent herein, who died a non-resident of the state of New York, was exercised by him in his last will as follows: $200,000 was appointed his daughter and the balance of the fund was appointed in equal shares to his two sons. The transfer tax appraiser fixed the pecuniary value of the share of each son at $2,666,513. *Held*, that an appeal by the executors and trustees from the order fixing the transfer tax, upon the contention that the sons of deedent might elect to take under the will of their grandfather the one-third share which they claim would pass to them in default of the appointment and that they might resort to the will of their father to take the excess, and that, therefore, no transfer tax should be assessed against the one-third share, will be overruled.

The sons of decedent herein must take either under the power of appointment as exercised by their father's will or exclusively under the will of their grandfather and they cannot, to escape taxation, elect to take some of the benefits under one will and the rest under the other.

The assessment of a tax against the transfer of the fund to the daughter of the decedent was erroneous and the order fixing the tax will be modified accordingly.

Certain real estate passed undiminished and vested in the residuary legatees at the death of decedent. *Held*, that a broker's commission incidental to the sale of the property should be paid by the residuary legatees, and it not appearing that the executors received, distributed or delivered any of the said real property, they were entitled to no commissions thereon, and no commissions were deductible from the tax.

That the order fixing the tax did not fix the minimum rate of tax upon a certain remainder interest, sustained as a ground of the appeal.

The widow of decedent having accepted under his will benefits expressly given in lieu of dower, the value of her right of dower was not a proper deduction.

The value of decedent's real estate in New York should have been properly included in prorating the deductions for debts and administration expenses.

Surrogate's Court, New York County, May, 1923.          [Vol. 121

The value of the stock of the New York Central Railroad Company should be properly apportioned and assessed only upon the value of the mileage in this state. That the federal estate tax was a proper deduction, overruled as a ground of the appeal.

APPEAL from order fixing a transfer tax.

*Cadwalader, Wickersham & Taft* (*Francis Smyth*, of counsel), for executors.

*Charles A. Curtin*, for State Tax Commission.

FOLEY, S.   The executors and trustees appeal on various grounds from the order fixing the transfer tax.   The decedent was a non-resident of the state of New York, and resided at the time of his death, on May 28, 1921, in the state of Rhode Island.

(1) In the first ground of appeal the executors question the taxability of the transfers of certain property over which the decedent had a power of appointment.   This power of appointment was created by the will of Moses Taylor, the father of the decedent, who died a resident of the state of New York on May 23, 1882, prior to the enactment of any transfer tax statute.   By the provisions of his will, one-fifth of the residue of his estate was bequeathed to his trustees in trust for Henry A. C. Taylor, with direction to pay the income to him during his life.   Upon his death the provisions of the will applying to this and the trusts for the other children directed that the trustees " convey, pay and assign to the issue of such child, the part or share held in trust for him or her in such proportions and at such time or times as he or she shall direct and appoint in and by his or her last will and testament and in case of failure to make such appointment, then to such issue absolutely."   The power of appointment given under these provisions to Henry A. C. Taylor was exercised by him in his last will as follows:   $200,000 was appointed to his daughter, Harriet; the balance of the fund was appointed in equal shares to his two sons, Henry R. Taylor and Moses Taylor.   The pecuniary value of the share of each son has been fixed by the appraiser to be $2,666,513.   The appellants claim that the two sons of the decedent may elect to take under the will of their grandfather the one-third share which they contend would pass to them in default of the appointment, and that they may resort to the will of their father to take the excess.   Thereby they maintain that no transfer tax should be assessed against the one-third share.   The appeal upon this ground must be overruled.   It is the rule in this state that where under the will of the donee additional benefits are derived by his appointees, the property passes under that will and is subject to the tax.   *Matter of Delano*, 176 N. Y. 486; *Matter of*

*Lansing*, 182 id. 238; *Matter of Cooksey*, Id. 92; *Matter of King*, 217 id. 358; *Matter of Chauncey*, 102 Misc. Rep. 378; *Matter of Warren*, 62 id. 444; *Matter of Brush*, N. Y. L. J. April 26, 1917. It is only where the appointee receives less under the will of the donee than he would take under the donor's will (*Matter of Slosson*, 216 N. Y. 79), or where the exercise of the power is ineffectual, and the property passes under the donor's will, that the transfer is free from the tax in the estate of the donee. *Matter of Backhouse*, 185 N. Y. 544; *Matter of Ripley*, 192 id. 536. In passing it should be stated that the contention of the appellants that there was a vested remainder under the father's will to the extent of one-third of the fund in each of the sons is fallacious. If they elect to renounce the benefits to them under their father's will, the two-thirds of the fund not appointed does not vest in them alone in equal shares, but must be distributed under the will of Moses Taylor to all the issue of Henry A. C. Taylor *per capita*. Under this construction, their renunciation of the two-thirds given in part by their father's will would automatically vest that part of the fund, which the power did not transfer, in the three children of Henry A. C. Taylor and their children in equal shares. *Petry v. Petry*, 186 App. Div. 738; affd., 227 N. Y. 621. Under no theory of the law applicable to the construction of wills could the two sons arbitrarily reserve to themselves one-third of the fund as passing to them under the will of their grandfather. They must take either under the power as exercised by the donee's will, or exclusively under the will of their grandfather. They cannot, to escape taxation, elect to take some of the benefits under one, and the rest under the other. " Exemption from the transfer tax under this claim should appear with reasonable certainty, and should not be laboriously spelled out with the aid of canons of construction formulated with a view to determining the intent of the testator when the language of the will is ambiguous." *Matter of King, supra*, 362. The order properly taxed the transfers to the sons in this decedent's estate.

(2) The order fixing tax erroneously assesses a tax against the transfer of the appointed fund of $200,000 to the daughter, Harriet, and the order must be modified accordingly. *Matter of Slosson, supra; Matter of Ripley, supra.*

(3) The appeal on the ground that the legal fees of counsel on the appointed fund were not deducted by the transfer tax appraiser is sustained.

(4) The real estate on Park avenue, between Sixty-third and Sixty-fourth streets, was properly assessed in the sum of $895,000. The executors were entitled to no deduction for brokers' com-

missions, as the property passed undiminished and vested immediately at the date of death in the residuary legatees. Any expense incident to the sale of the property should be paid by them. Nor are the executors entitled to commissions on this real estate. The facts of the sale are not disclosed in the report or the supporting papers, and it does not appear that the executors *received, distributed* or *delivered* any of the real estate in question. No commissions are, therefore, deductible. *Matter of Seiss*, 119 Misc. Rep. 521, Schulz, S.; Surrogate's Court Act, § 285.

(5) The appeal of the executors on the ground that the order did not fix the minimum rate of tax upon the remainder of the Josephine W. Taylor trust is sustained. *Matter of Parker*, 226 N. Y. 260; *Matter of Zborowski*, 213 id. 109.

(6) The value of the right of dower of the widow is not a proper deduction. The will expressly provided that the bequests to her were in lieu of dower, and under her election she has taken these benefits under the will. *Matter of Equitable Life Assurance* v. *Wylde*, 184 App. Div. 435. The transfer is taxable without deduction. *Matter of Vivanti*, 206 N. Y. 656, affg. 146 App. Div. 942, affg. 63 Misc. Rep. 618; *Matter of Gale*, 83 id. 686; Chrystie Inheritance Taxation, 671.

(7) The value of the New York real estate should have been included in prorating the deductions for debts and administration expenses. *Matter of Nesbitt*, 204 App. Div. 504; *Matter of Keith*, 114 Misc. Rep. 86; *Matter of Brooks*, 119 id. 738.

(8) The value of the stock of the New York Central Railroad Company should be properly apportioned, and should be assessed only upon the value of the mileage in this state. *Matter of Greene*, 115 Misc. Rep. 704; *Matter of Ripka*, 118 id. 351; *Matter of Thayer*, 193 N. Y. 430; *Matter of Cooley*, 186 id. 220; *Matter of Rumrill*, N. Y. L. J. June 28, 1921. Unless the parties can agree upon the proportional value of this stock, the report will be remitted to the appraiser to fix said value.

(9) The remaining ground of appeal that the federal estate tax was a proper deduction is overruled. *Matter of Sherman*, 222 N. Y. 540.

Submit order on notice modifying order fixing tax accordingly.

Ordered accordingly.