In the Matter of the Estate of ELLEN W. DURYEA, Deceased.

STATE TAX COMMISSION, Appellant and Respondent.

ROBERT H. HEIGHE, Respondent and Appellant.

JAMES C. WEBSTER et al., as Executors of LISA W. SANDFORD, Deceased, Respondents.

Argued October 4, 1937; decided March 8, 1938.

312

*Harry T. O'Brien, Jr.*, and *Mortimer M. Kassell* for State Tax Commission, appellant and respondent. The transfers to Lisa W. Heighe of one-half of each of the two trust funds created by the decedent, over which Lisa W. Sandford was given power of appointment, are taxable in the estate of the decedent. (*Matter of Chauncey*, 102 Misc. Rep. 378; 187 App. Div. 952; *Matter of Bartow*, 30 Misc. Rep. 27; *Matter of Irvin*, 137 Misc. Rep. 666; *Matter of Lansing*, 182 N. Y. 238; *Matter of Duff*, 114 Misc. Rep. 309; *Matter of Slosson*, 216 N. Y. 79; *Matter of Taylor*, 209 App. Div. 299; 239 N. Y. 582; *Matter of Ripley*, 192 N. Y. 536; *Matter of Hoffman*, 161 App. Div. 836; 212 N. Y. 604; *Matter of Haggerty*, 128 App. Div. 479; *Matter of Haight*, 152 App. Div. 228; *Matter of Backhouse*, 110 App. Div. 737; 185 N. Y. 544; *Matter of Morgan*, 164 App. Div. 854; 215 N. Y. 703; *Matter of Lewis*, 60 Misc. Rep. 643; 129 App. Div. 905; 194 N. Y. 550; *Matter of Canda*, 114 Misc. Rep. 161; 197 App. Div. 597; *Matter of Tuckerman*, 130 Misc. Rep. 806; *Matter of Vanderbilt*, 163 Misc. Rep. 667; *Helvering* v. *Grinnell*, 294 U. S. 153; *Matter of Cooksey*, 182 N. Y. 92; *Matter of King*, 217 N. Y. 358.) No election by Lisa W. Heighe is necessary for her to take the property under consideration from the decedent herein. (*Matter of Chauncey*, 102 Misc. Rep. 378; 187 App. Div. 952; *Matter of Schell*, 134 Misc. Rep. 242; *Matter of Irvin*, 137 Misc. Rep. 666; *Matter of Backhouse*, 110 App. Div. 737; 185 N. Y. 544; *Matter of Morgan*, 164 App. Div. 854; 215 N. Y. 703; *Matter of Haight*, 152 App. Div. 228; *Matter of Tuckerman*, 130 Misc. Rep. 806.)

*Clifton P. Williamson* and *Lasater Terrell* for Robert H. Heighe, respondent and appellant. The clause of the will which provides for the payment of transfer, inheritance and estate taxes out of the residuary estate of

testatrix has reference only to those taxes validly assessed against testatrix's own estate. (*Matter of Hoffman,* 201 N. Y. 247.) The transfers to both Lisa W. Heighe and Baronig Baron of the property comprising trusts were effected by the exercise by Lisa W. Sandford of the powers of appointment given to her by the will of testatrix herein, and such transfers are not subject to transfer tax in the estate of testatrix herein. In order to receive the property appointed to her, Lisa W. Heighe must of necessity take under the exercise of the powers of appointment by Lisa W. Sandford, since otherwise she would receive only one-quarter instead of one-half of each of the two trust funds. (*Matter of Lansing,* 182 N. Y. 238; *Helvering* v. *Grinnell,* 70 Fed. Rep. [2d] 705; 294 U. S. 153; *Matter of Slosson,* 216 N. Y. 79; *Matter of Ripley,* 192 N. Y. 536; *Matter of Morgan,* 164 App. Div. 854; 215 N. Y. 703; *Matter of Backhouse,* 110 App. Div. 737; 185 N. Y. 544; *Matter of Chapman,* 133 App. Div. 337; *Matter of Schell,* 134 Misc. Rep. 242.)

*James C. Webster* for respondents. Testatrix designated her residuary estate as the fund from which to pay all transfer, inheritance and estate taxes, which includes the taxes on the transfer of the *corpus* of the two trusts over which Lisa W. Sandford was given the power of appointment, and testatrix had an absolute right to do so. (*Farmers Loan & Trust Co.* v. *Winthrop,* 238 N. Y. 488; *Matter of Ham,* 123 Misc. Rep. 889; *Matter of Harbeck,* 161 N. Y. 211; *Farmers Loan & Trust Co.* v. *Mortimer,* 219 N. Y. 290; *Matter of Stewart,* 131 N. Y. 274; *Matter of Smith,* 85 Misc. Rep. 636.) The tax on the half of the securities in the trusts turned over to Lisa W. Heighe by the trustees named in Ellen W. Duryea's will is payable by Robert H. Heighe, even if the court should hold that he is not liable for the taxes on the whole of the two trusts. (*Matter of Brenner,* 149 Misc. Rep. 412; *Helvering* v. *Grinnell,* 294 U. S. 153; *Matter of Slosson,* 216 N. Y.

79; *Matter of Ripley*, 192 N. Y. 536; *Matter of Lansing*, 182 N. Y. 238; *Matter of Taylor*, 121 Misc. Rep. 7; 209 App. Div. 299; 239 N. Y. 582; *Matter of Chauncey*, 102 Misc. Rep. 387; 187 App. Div. 952; *Matter of Backhouse*, 110 App. Div. 738; 185 N. Y. 544; *Matter of Chapman*, 133 App. Div. 337; *Matter of Schell*, 134 Misc. Rep. 242.)

HUBBS, J. Ellen W. Duryea, testatrix, died December 23, 1927. On June 2, 1923, she had established a $200,000 *inter vivos* trust, the income payable to her sister, Lisa W. Sandford, for life, reserving to herself power of appointment over the corpus of the trust. She left a will dated February 16, 1927, and two codicils. By the third clause of her will she gave to her sister, Lisa W. Sandford, the corpus of the *inter vivos* trust, and by the fourth paragraph of the third clause she gave to her said sister an additional sum of $200,000. By the ninth paragraph she provided as follows: " I direct that all transfer inheritance and estate taxes be paid out of my residuary estate, and that all the foregoing gifts, legacies and devises shall be free from and without deduction of any such taxes thereon." By the tenth paragraph of the will she gave her residuary estate to her nephew, the appellant, Robert H. Heighe, a son of her sister, Lisa W. Sandford. By the second codicil, dated December 14, 1927, first clause, she revoked the bequest of the trust fund to her sister, Lisa W. Sandford, and provided as follows: " * * * in lieu of said gift, I hereby give to my dear sister the power to appoint by will the disposition of the corpus of said trust fund, * * * and should she fail to exercise such power of appointment, I hereby give and bequeath the remainder of said trust fund from and after her death to her children to whom I now give and bequeath the same subject to such exercise of said power." By the same codicil, second paragraph, she revoked the bequest to her sister of $200,000 and gave the same to her executors and trustees in trust, the income to be paid to her said sister during her life-

time and upon the death of her sister gave and bequeathed said sum so held in trust " to such person or persons and in such proportions and amounts as my sister may by will designate and appoint, and failing such appointment, to her heirs at law."

The " children " and " heirs at law " of Lisa W. Sandford who would have taken under the will of Ellen W. Duryea in default of the exercise of these powers of appointment of which Lisa W. Sandford was donee were the appellant, Robert H. Heighe, and his sister, Lisa W. Heighe. Lisa W. Sandford died on February 7, 1934, leaving a will and codicil in which she exercised the power of appointment as to both trusts and gave one-half to her daughter, Lisa W. Heighe, and the other half to the respondent, Baronig Baron, an adopted son, thus entirely excluding from participation in the trust funds the appelant, Robert H. Heighe, who would otherwise have taken a one-half interest therein under the second codicil of the will of Ellen W. Duryea.

The appellant, Robert H. Heighe, petitioned the Surrogate to have excluded from the taxable estate of Ellen W. Duryea the two trust funds in question and to have stricken from the order assessing the tax the provisions for a tax thereon payable out of the residuary estate of Ellen W. Duryea, deceased. The Surrogate held the tax upon both trust funds not payable out of the estate of Ellen W. Duryea, deceased. The Appellate Division reached a contrary conclusion, modified the order and directed that the tax on both trust funds be paid from the estate of the donor.

Subdivision 4 of section 220 of the Tax Law (Cons. Laws, ch. 60), as amended in 1926 (L. 1926, ch. 357), states that whenever any person shall exercise a power of appointment, the appointment shall be deemed a taxable transfer " in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power."

Subsequent to the death of the said Ellen W. Duryea, article 10 of the Tax Law, of which section 220 was a part, was repealed as to the estates of persons dying subsequent to September 1, 1930, and article 10-C substituted therefor, but Ellen W. Duryea having died before article 10-C took effect, section 220, subdivision 4, remained in full force and effect as to her estate under the specific provisions of section 249-mm of article 10-C. Of course, had the donee of the power, Lisa W. Sandford, died without exercising the power, the principal of both trust funds would have passed under the will of Ellen W. Duryea, the donor of the power, and would have been taxable as a part of the estate of Ellen W. Duryea. Lisa W. Sandford having exercised the power, the gift would be taxable as a transfer from her as donee under article 10-C unless, by some controlling principle of law or effective testamentary provision in the will of the donor of the power, that article is rendered inapplicable.

Not every exercise of a power has been held taxable to the estate of the donee, as where the appointment is identical in amount and to persons who would have taken in default of exercise of the power (*Matter of Lansing*, 182 N. Y. 238; *Matter of Backhouse*, 110 App. Div. 737; affd., 185 N. Y. 544; *Helvering* v. *Grinnell*, 294 U. S. 153) or where a beneficiary receives less than he would have taken in default of the exercise. (*Matter of Slosson*, 216 N. Y. 79.)

Likewise, a testator may by clearly expressed intention, charge his estate with the payment of transfer estate or succession taxes on gifts or devises made by him. (Decedent Estate Law [Cons. Laws, ch. 13], § 124, *Matter of Gihon*, 169 N. Y. 443; *Isham* v. *N. Y. Association for the Poor*, 177 N. Y. 218.)

The questions here are whether the testatrix did clearly express an intention to charge her estate with a tax on the interest of each of the appointees, Lisa W. Heighe and Baronig Baron, in the trust funds, and if not, whether the transfer in each instance is one properly held taxable

to the estate of the donee under established principles of law.

It is clear that it was the intent of the testatrix to direct payment of all gifts, legacies and devises provided for under her will free from and without deduction on account of taxes properly assessed on account of such gifts, legacies and devises, and that the taxes thereon should be paid out of her residuary estate. It must be assumed, since she affirmed that part of her original will in the codicil by which she gave the powers of appointment, that it was her intention that the taxes assessed on gifts made by her under those powers should likewise be payable out of her residuary estate. The question is whether it is either necessary or proper to assume it to have been her intention to make payable out of her residuary estate taxes which pursuant to statute would otherwise be assessed in the estate of the donee of a power granted in her will. We believe not. To so assume would necessitate basing the tax on a law totally different from the law applicable when the will was drawn or during the lifetime of the grantor of the power. Under the order of the Appellate Division, the tax assessable has been held to be against the estate of the donee under article 10-C enacted after the death of the donor, but it is made payable out of the estate of the donor, to which is applicable the provisions of the prior law. No such result could have been contemplated by the donor or is to be inferred as her intent from the language used.

We must, therefore, seek authority to uphold a finding that the tax assessed on account of transfers to the appointees or either of them is payable from the estate of the donor of the powers in decisions which have for their basis something other than an expressed intention of a testator.

Eliminating the question of intent as expressed by the testatrix, nothing remains upon which to reach a conclusion that the tax on the share passing to Baronig Baron may be held to be payable from the estate of the donor of the power. He is a stranger who under no circum-

stances would take under the will of testatrix except by virtue of an exercise of the power of appointment. The property transferred to him must be included in the gross estate of the donee under section 249-r of article 10-C of the Tax Law, since the estate of the donee is subject to the provisions of the new estate tax law and the tax is to be based on the provisions of that law. That an appointment to a stranger or an appointment through which the appointee takes benefits greater than would have accrued in the absence of an appointment is taxable in the estate of the donee of the power where the power is absolute is well established by authority. (*Matter of Cooksey*, 182 N. Y. 92; *Matter of Delano*, 176 N. Y. 486.)

With respect to the share appointed to Lisa W. Heighe a more difficult question is presented. It is well established that where an appointee takes the same share that would have passed to that person under the will of the donor of the power, even in the absence of an expressed intent in the will of the donor, the share is to be taxed as passing under the will of the donor and in such case no tax can be imposed in the estate of the donee of the power, and if there was no tax applicable to the estate of the donor there would be no tax upon the property transferred to the appointee. (*Matter of Slosson, supra.*)

The question is whether Lisa W. Heighe, under the peculiar facts of this case, did take the share she would have taken under the will of Ellen W. Duryea. It is contended on the part of the appellants that she took more under the power of appointment than she would have taken by an election to take under the will of Ellen W. Duryea. Conceding the validity and effectiveness of the appointment of half of each of the funds to Baronig Baron, it is said that if she renounced her appointment only half of the two funds would remain to be distributed under the Duryea will and the one-half would be required to be divided between Lisa W. Heighe and the appellant, Robert H. Heighe. As has been suggested by the learned Surrogate in his opinion in this case, the true rule to be

applied can be reached only by an entire disregard of any intention to elect or of what has been termed an election and may be stated to be that where a person named under the exercise of the power takes the same or less than he would have taken under the original will, if the power of appointment had not been exercised, his interest is taxable in the estate of the donor and not in the estate of the donee. While it is true that no case has been called to our attention where a similar state of facts to those presented in this case existed, except *Matter of Chauncey* (102 Misc. Rep. 378), several cases in the lower courts are to be noted where a result contrary to that reached would have been necessitated had not the court recognized the rule to be as above stated. (See *Matter of Taylor*, 121 Misc. Rep. 7; affd., 209 App. Div. 299; affd., 239 N. Y. 582, upon other points; *Matter of Canda*, 114 Misc. Rep. 161; revd. on other grounds, 197 App. Div. 497; *Matter of Tuckerman*, 130 Misc. Rep. 806; *Matter of Vanderbilt*, 163 Misc. Rep. 667.)

The rule as stated is not in conflict with the decisions in *Matter of Slosson* (*supra*), *Matter of Lansing* (*supra*) and *Matter of Ripley* (192 N. Y. 536), in each of which cases shares appointed to persons who would have taken under the will of the donor in the absence of an appointment, amounts equal to or less than were given under the will of the donee, were held not taxable in the estate of the donee.

The question is not what Lisa W. Heighe would take if she renounced her rights to take by the appointment made and elected to take under the will of the donor of the power, but rather what she would have taken had the power not been exercised to any extent. In that case she would have taken one-half under the will of the donor. The donee of the power might have said, " I give to Lisa W. Heighe the share which she would have taken under the will of Ellen W. Duryea and to Baronig Baron the share which Robert H. Heighe would have taken." That would have been a good appointment, would have

precluded Robert H. Heighe from taking a share in the trust estate under the Duryea will and would have given to Lisa W. Heighe exactly what she would have taken under the Duryea will had no appointment been made. While the donee of the power did not mention the fact that such was the disposition she was making of the fund, it is entirely clear that such was the intent and effect of the appointment made. It must, therefore, be held that Lisa W. Heighe takes no more under the appointment than she would have taken had no appointment been made and the principle set forth in the cases above cited is applicable, namely, that she is deemed to take under the will of the donor rather than under the appointment made by the donee. Even without an expressed intent in the will of the donor of the power as to the fund to be used in paying taxes upon property passing under her will, such taxes would be assessable in her estate. The tax on the share passing to Lisa W. Heighe constitutes property taxable in the estate of the donor, and since it is so taxed, the tax is to be paid out of the residuary estate. However, the tax is to be computed under article 10 and not under article 10-C as it would be required to be computed under the order of the Appellate Division. Article 10-C is in no wise applicable to the estate of Ellen W. Duryea or to any property passing under her will. It is not to be presumed from the language used by the testatrix that she intended to subject property passing under her will to a tax of an entirely different nature from the tax which would by law be applicable to her estate and transfers therein. The language used does not require the conclusion that she intended that her residuary estate should be subject to a tax applicable to the estate of the donee of the power, especially where the power was not exercised in such a manner as to make it taxable by law in the estate of the donee. The reasonable interpretation of clause 9 is that she intended only that the tax upon transfers made by her and taxable in

her estate should be paid out of her residuary estate. The result of our conclusion is that the share in the trust funds passing to Baronig Baron pursuant to the power of appointment is not taxable in the estate of Ellen W. Duryea and that the share of the trust funds appointed to Lisa W. Heighe is transferred to her under the will of Ellen W. Duryea and subject to taxation under article 10 of the Tax Law which tax when assessed shall be paid from the residuary estate of Ellen W. Duryea.

The order of the Appellate Division should be modified in accordance with this opinion and as so modified affirmed, without costs.

LEHMAN, J. (dissenting in part). I dissent from so much of the opinion and decision as hold that the share of the trust funds appointed to Lisa W. Heighe is transferred to her under the will of Ellen W. Duryea and subject to tax payable from the residuary estate of Ellen W. Duryea.

O'BRIEN, J. (dissenting). The question here, as I conceive it, is not the statutory liability of the ultimate beneficiaries of Mrs. Duryea to pay taxes but rather the intention of the testatrix to assume such liability out of the property originating from her own estate.

The codicil executed December 14, 1927, modified the third and fourth paragraphs of the will in the following respects:

"*First.* I hereby revoke the third paragraph of the third subdivision of my will whereby I gave to my. dear sister, Lisa Winchester Sandford, all my right, title and interest in and to a trust fund established for her benefit under a deed of trust executed by me to Guaranty Trust Company of New York, dated June 2, 1923, and in lieu of said gift, I hereby give to my dear sister the power to appoint by will the disposition of the corpus of said trust fund, which right was reserved to me by said trust deed upon her death, and should she fail to exercise such power

of appointment, I hereby give and bequeath the remainder of said trust fund from and after her death to her children to whom I now give and bequeath the same subject to such exercise of said power.

"*Second.* I hereby revoke the fourth paragraph of the third subdivision of my will whereby I gave to my dear sister a legacy of $200,000, and in lieu thereof I now give and bequeath said sum to the Executors and Trustees named in my will in trust to hold, invest and re-invest the same for and during the term of the natural life of my said sister, and to collect the income and profits thereof and to pay over to her the net income therefrom in quarterly instalments, or more often if conveniently may be; and from and after my sister's death I give and bequeath said sum so held in trust to such person or persons and in such proportions and amounts as my sister may by will designate and appoint, and failing such appointment, to her heirs at law."

After the execution of this codicil, the ninth paragraph of the will as originally drafted remained unchanged. It reads:

"*Ninth.* I direct that *all* transfer inheritance and estate *taxes* be paid out of my residuary estate, and that *all the foregoing gifts, legacies and devises shall be free from* and without deduction of *any such taxes* thereon."

After the execution of the codicil, the beneficiaries of the power of appointment under the third and fourth paragraphs of the will, although then unindentified, were to become the recipients of " the foregoing gifts, legacies and devises " within the meaning of the ninth paragraph and, therefore, such gifts, legacies and devises were, under the language of the ninth paragraph, to be " free from and without deduction of *any* such taxes thereon." Difficulty will be encountered in attempting to express more clearly an intention that every individual, except the residuary legatee, deriving a benefit from the estate of the testatrix, whether directly from herself or mediately through power of appointment by another named in the

will, should receive that benefit wholly unburdened by any liability to a deduction of any kind of tax whether such tax should result from a statute then in effect or from a law to be later enacted.

CRANE, Ch. J.; LOUGHRAN, FINCH and RIPPEY, JJ., concur with HUBBS, J.; LEHMAN, J., dissents in part in memorandum; O'BRIEN, J., dissents in opinion.

Ordered accordingly.