In the Matter of the Estate of GEORGE K. MEYNEN, Deceased.

Surrogate's Court, Queens County, December 28, 1939.

*Faber, Fink & Stuart*, for Clifford M. Tappen and Katherine N. Ackert, as executors, etc.

*G. M. & F. S. Levin*, for the petitioner.

HETHERINGTON, S. By this application the executors seek a determination as to the manner of apportionment of the estate taxes. A testator may, by clearly expressed intention, charge his estate with the payment of transfer, estate or succession taxes on gifts or devises made by him. (*Matter of Duryea*, 277 N. Y. 310, 316.) Except where a testator otherwise directs in his will, death taxes shall be equitably prorated among the persons interested in the estate to whom such property is or may be transferred or to whom any benefit accrues. (Dec. Est. Law, § 124.) The burden of establishing a reason for non-apportionment rests upon those who contend for that result. (*Matter of Kaufman*, 170 Misc. 436, 440.) Here the will contains no express direction with respect to

the payment of taxes. Nevertheless, it is claimed that a legacy of $65,000, given by the testator to his sister-in-law by the second paragraph of the will, is exempt from the burden of sharing the tax. This contention requires an examination and interpretation of the will.

In addition to the aforesaid legacy, testator devised a parcel of real estate to his sister-in-law. This was followed by a legacy of $5,000 to a friend of his deceased wife. The residue of the estate, stated to be in excess of $40,000, was given to his nephew. In support of the claim that the legacy in question is free from the burden of the tax, much reliance is placed upon the language of the eighth paragraph, which provides as follows:

"*Eighth.* I direct that out of my total estate available for distribution, shall be paid in full the legacy given to Katherine N. Ackert in paragraph Second of this my Will, and said legacy shall not abate unless said total estate is insufficient for this purpose, in which case it shall be used exclusively for its payment so far as possible."

It is to be observed that testator directs " out of my total estate available for distribution " there shall be paid in *full* the legacy to his sister-in-law. The estate " available for distribution " is that which remains after debts, funeral and testamentary expenses and *taxes* have first been paid or provided for. It is out of the balance remaining testator has directed that the legacy in question shall be paid. His intention to charge the available balance with the prior payment of the legacy is emphatically expressed. He desired that she should receive the full sum of $65,000, undiminished by any tax or other charge. Her legacy was not to abate unless his estate was insufficient to make payment in full, and in such contingency it was to be used exclusively for its payment so far as possible. I think that testator has clearly expressed an intention to relieve this legacy from sharing any burden of the taxes. Therefore, in apportioning the taxes in question, the amount of this legacy should be deducted from the net taxable estate and the taxes prorated between the devisees and legatees mentioned in the third, fourth and ninth paragraphs of the will, in the ratio that their respective interests bear to the net taxable estate computed as previously indicated. Proceed accordingly.