It will be noted that the language is very similar to that used in this will. The court, at page 26 of 141 N. Y., and page 963 of 35 N. E., of the opinion, says:

"The expression ('to be used and enjoyed by her') gave her no enlarged interest in such legacy beyond what she would have received if such expression had been omitted."

The language used in this will, at the close of the sixth clause, to wit, "I give, devise and bequeath all of such residue and remainder of my estate both real and personal," etc., points to a life estate, as will be seen by an examination of Matter of Skinner, 81 App. Div. 449, 80 N. Y. Supp. 1067, affirmed 180 N. Y. 515, 72 N. E. 1151. The court holds that the clause in the will, "All the rest and residue thereof then remaining," did not enlarge the widow's interest. Kurtz v. Wiechmann, 75 App. Div. 26, 77 N. Y. Supp. 964; Owens v. Owens, 64 App. Div. 212, 71 N. Y. Supp. 1108. In the last-cited case the court considers the effect of the phrase, "The rest, residue and remainder if any there be," and holds it does not authorize the life tenant to use the corpus of the estate. Weed v. Aldrich, 2 Hun, 531. In the above case the same contention was made as is made here. In that will there was a clause empowering sale of real estate. The court held that the widow only took a life estate. In view of these several decisions and many others which I do not consider it necessary to cite, I am forced to the conclusion that the widow only takes a life estate.

A decree admitting the will to probate, and providing for the payment of the $120 annuity out of the corpus of the estate, and for the use and income to the widow under the terms of the will, may be prepared and submitted to me for my signature.

Counsel for the petitioner is allowed $50 and his disbursements in this proceeding so far as it calls for a construction of the will. Counsel for contestants are allowed $50 for their services. Both allowances to be paid out of the corpus of the estate.

Decreed accordingly.

---

(60 Misc. Rep. 643.)

### In re LEWIS' ESTATE.

(Surrogate's Court, New York County. October, 1908.)

1. TAXATION (§ 878*)—INHERITANCE AND TRANSFER TAXES—PROPERTY SUBJECT.
　　Decedent's father by will provided that on her death his executors should transfer the property held in trust for her to her issue as she should appoint by will, and on failure to make such appointment then to such issue absolutely. Decedent exercised the power by will. *Held*, that the property devised should be included in the taxable assets of her estate.

　　[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1700, 1701; Dec. Dig. § 878.*]

2. TAXATION (§ 878*)—INHERITANCE AND TRANSFER TAXES—PROPERTY SUBJECT.
　　Where decedent's father provided by will that on his death the executor should transfer the property held in trust for her to her issue as she should by will appoint, and on failure of appointment then to such issue

absolutely, and decedent made a will, and the children filed a writing with the appraiser electing to take under the will of their grandfather, instead of the appointment exercised by their mother, the property devised was not included in the taxable assets of the mother's estate.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1700, 1701; Dec. Dig. § 878.*]

In the matter of the estate of Mary Lewis. From an order fixing the inheritance tax, the State Comptroller appeals. Reversed.

Order reversed 113 N. Y. Supp. 1136.

John S. Jenkins (Henry W. Tifft, of counsel), for Comptroller. William T. Sabin, for Strachan Hune.

BECKETT, S. This is an appeal by the State Comptroller from an order fixing tax, upon the ground that the appraiser erred in refusing to include in the taxable assets of the estate certain property over which the decedent had a power of appointment. That part of the will of decedent's father conferring upon her the power of appointment reads as follows:

"Fourthly. That upon the death of my children, and as they severally die, that my executors and trustees convey, pay and assign to the issue of such child the part or share held in trust for him or her in such proportions and at such time or times as he or she shall direct and appoint in and by his or her last will and testament, and in case of failure to make such appointment, then to such issue absolutely."

The decedent, by appropriate phraseology in her will, exercised the power in favor of her children. The latter filed with the appraiser an instrument in writing by which they elect to take the property under the will of their grandfather, the donor of the power, instead of under the appointment exercised by their mother, the decedent herein. The donor of the power having provided that the corpus of the estate should, upon the death of the donee of the power, be paid to such persons and in such proportions as she by her last will and testament should appoint, and the donee having by virtue of this power appointed the persons to whom the property should be paid, these beneficiaries derive their title to the property through the exercise of the power of appointment by decedent, and not directly from the donor of the power. It was only upon the failure of the donee of the power to appoint that they could have taken under the will of the donor. In Matter of Lansing, 182 N. Y. 238, 74 N. E. 882, Vann, J., commenting on the Cooksey Case, said, respecting the donor's will in that case:

"Moreover, title to the remainder was to vest in them only upon the failure of the mother to appoint." Matter of Cooksey, 182 N. Y. 92, 74 N. E. 880; Matter of Haggerty (Surr. Decs., Thomas, S., 1908).†

The order fixing tax should be reversed, and the report remitted to the appraiser for correction.

Order reversed, and report remitted to appraiser for correction.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

† See 128 App. Div. 479, 112 N. Y. Supp. 1017.