In the Matter of the Transfer Tax upon the Estate of
PATRICK J. DUNN, Deceased.

STATE TAX COMMISSION, Appellant; LENA DUNN, as
Administratrix, Respondent.

Tax — transfer tax — tenancy by the entirety — dower right
therein not created by statute imposing tax upon right of
succession — error to direct deduction of value of dower in
appraisal of value of real property held by deceased husband
as tenant by entirety at his death.

By the amendment of subdivision 7 of section 220 of the Tax Law
(L. 1916, ch. 323, § 83) the legislature intended to impose a transfer
tax upon the right of succession to ownership and possession of an
estate by the entirety as such, rather than upon any portion of the
same. A dower right which could not exist in the wife as a tenant
by the entirety theretofore was not created by the amendatory
statute. An order of the surrogate directing, in transfer tax proceed-
ings, a deduction of the value of the dower of a widow from the
value of real property owned by a decedent as tenant by the entirety
at the time of his death is erroneous.

Matter of Dunn, 205 App. Div. 407, reversed.

(Argued October 4, 1923; decided November 20, 1923.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the first judicial department, entered
May 4, 1923, which affirmed an order of the Bronx
County Surrogate's Court directing a reappraisal for
transfer tax purposes of the value of the interest of the
widow of deceased, by deducting the value of her dower
interest from the value of the real property assumed
to have been owned by the decedent at the time of her
death.

*A. Welles Stump* and *Charles A. Curtin* for appellant.
The nature of an estate by the entirety precludes any
dower existing therein. (*Stelz* v. *Shreck,* 128 N. Y. 263;
*Matter of Klatzl,* 216 N. Y. 83; *Matter of McKelway,*

221 N. Y. 15; *Lugar* v. *Lugar*, 160 App. Div. 807; *McCluskey* v. *Cromwell*, 11 N. Y. 593; *Gillespie* v. *Zittlosen*, 60 N. Y. 449; *Brown* v. *City of New York*, 63 N. Y. 239.) The legislative intent is clear, the statute is unambiguous and requires no interpretation. (*Beekman* v. *T. A. R. R. Co.*, 13 App. Div. 279; 153 N. Y. 144; *People* v. *L. I. R. R. Co.*, 194 N. Y. 130; *Beal* v. *Flinch*, 11 N. Y. 128; *Russell* v. *Ostrander*, 30 How. Pr. 93.) The tax is upon the transfer or succession to the property of the decedent, and not upon the property, the estate or the legatee. (*Matter of Wolfe*, 89 App. Div. 349; 179 N. Y. 599; *Matter of Vanderbilt*, 172 N. Y. 69; *Matter of Penfold*, 216 N. Y. 163.)

*Otto Henschel* for respondent. The statute assumes a fictitious state of facts to exist upon which the tax must be based. (Tax Law, § 220, subd. 7; L. 1916, ch. 323, § 83.) The deduction of dower claimed by the widow should have been allowed by the appraiser as to the premises No. 1330 Fulton avenue and No. 2526 Grand Concourse and was properly allowed by the surrogate. (*Matter of Church*, 80 Misc. Rep. 447; *Matter of Rieman*, 42 Misc. Rep. 648.)

HOGAN, J. On March 20, 1921, Patrick J. Dunn, a resident of Bronx county, departed this life leaving him surviving his widow, Lena Dunn, the petitioner, respondent herein. In February, 1919, and February, 1920, the deceased and his wife acquired by purchase title to parcels of land as tenants by the entirety. In the present proceeding under the Transfer Tax Law the value of the estate passing to the widow, respondent, was fixed by the appraiser at $45,413.43 to which was added the value of the interest of the widow in the personalty. The report of the appraiser was confirmed. The widow, respondent, appealed from the order of confirmation to the Surrogate's Court, and that court reversed the order of the surrogate,

ordered a re-appraisal of the value of the interest of the respondent in the real property acquired in the years 1919–1920 and upon such re-appraisal directed the appraiser to deduct the value of the dower of the respondent from the value of the real property assumed to have been owned by the decedent at the time of his death. Upon appeal to the Appellate Division the order of the Surrogate's Court was affirmed by a non-unanimous decision. From such determination the state tax commission appeals to this court.

Prior to the year 1916 real property held by tenants by the entirety was not subject to the Transfer Tax Law (Cons. Laws, ch. 60) of this state. We may fairly assume that the exemption was due to the fact that the legislature recognized the nature of such an estate, that both tenants were seized of the whole estate and upon the death of one, the survivor acquired no new or additional interest by survivorship. The right of husband and wife to thus acquire and hold property was not an inherent right, but a privilege subject to be repealed, modified or limited by the legislature. While the privilege continued the character of an estate by the entirety precluded the idea of a dower right in such an estate.

In 1916 the legislature for the purpose of providing revenue for the state, presumably aware that personal property held by joint tenants and real property held by tenants by the entirety had been exempted from a tax under the Transfer Tax Law, amended the statute (Laws of 1916, chap. 323, sec. 83), section 220, subdivision 7, to read, so far as material, as follows: " Whenever property is held in the joint names of two or more persons, or as tenants by the entirety, * * * the right of the surviving tenants by the entirety, * * * to the immediate ownership or possession and enjoyment of such property shall be deemed a transfer taxable under the provisions of this chapter in the same manner as though the whole property to which such transfer relates

belonged absolutely to the deceased tenant by the entirety
* * * and had been bequeathed to the surviving ten-
ant by the entirety, * * * by such deceased tenant
by the entirety, * * * by will."

Patrick J. Dunn and his wife in 1915, prior to the
amendment of the Tax Law, acquired real estate as
tenants by the entirety. Such property was not affected
by the amendment of 1916, nor has it been considered
in the appraisal made for the reason that under the
statute as it then read, the surviving tenant was entitled
to the immediate ownership, possession and enjoyment of
the property upon the death of the co-tenant.

When in 1919–1920 the parties took title to the two
parcels of land in controversy, the amended statute was
in force, and their legal status as tenants by the entirety
was subject to the limitation that the right of the sur-
viving tenant to the immediate ownership, possession and
enjoyment of the property was burdened with a transfer
tax which was to be a lien upon the premises paramount
to the right of the survivor to the ownership, possession
or enjoyment of the property. Considering the nature
of the tax imposed and the particular property upon
which the same was to be a lien, it is apparent that the
legislature intended to impose a transfer tax upon the
right of succession to ownership and possession of an
estate by the entirety as such, rather than upon any
portion of the same.

A dower right which could not exist in respondent as a
tenant by the entirety theretofore was not created by the
amendatory statute.

The provision for a tax in the same manner as if the
deceased had owned the property absolutely and had
given it by will to the survivor, assumes capacity to
give the whole estate and a will effective to transmit it.

We should be giving the statute a strained and unnatural
construction if we were first to impute to the husband the
ownership of the whole, and then to detract from his

ownership by the imputation to the wife of an unreal life estate in part. The fiction of absolute ownership established by the statute would thus be undone by another fiction, the creation of the court. We think the purpose of the legislature was to charge the tax upon the whole.

The orders should be reversed and the order fixing transfer tax affirmed, with costs in all courts.

CARDOZO, POUND, MCLAUGHLIN and CRANE, JJ., concur; HISCOCK, Ch. J., and ANDREWS, J., dissent.

Ordered accordingly.