In the Matter of the Transfer Tax upon the Estate of HENRY A.
C. TAYLOR, Deceased.

HENRY R. TAYLOR and Others, as Executors and Trustees, etc., of
HENRY A. C. TAYLOR, Deceased, and HENRY R. TAYLOR and
Another, Individually, Appellants; STATE TAX COMMISSION,
Respondent.

First Department, May 2, 1924.

Taxation — transfer tax — property was left in trust with power of
appointment by will probated in 1882, prior to enactment of Inheritance
Tax Law — will contained provision that in case power was not exercised
principal should go to issue of beneficiary equally — beneficiary exercised
power so that two sons received more than they would have received
if power had not been exercised — sons did not renounce legacy — sons
took under beneficiary's will entire amount appointed to them — such
amount is taxable — broker's commission cannot be deducted on real
estate passing directly to sons — Federal estate tax not deductible —
dower of widow of beneficiary who accepted devise in lieu of dower
not deductible.

Where additional benefits are received under a will by legatees as appointees under
a prior will, the property passes under the first-mentioned will and is subject
to a transfer tax.

Accordingly, where a testator whose will was probated in 1882, before the
enactment of any inheritance tax law in this State, left property in trust for
the benefit of his children for life, with power of appointment, and provided
in his will that in case the power was not exercised the principal should go to
the issue of his children equally, the entire amount passing to the sons of the
beneficiary by appointment in his will, which amount is greater than that
which they would have received if the power of appointment had not been
exercised, is subject to the transfer tax where the sons do not renounce the
legacy under the will of the beneficiary, and they cannot, for the purpose of
avoiding the transfer tax, elect to take under the will which created the trust
the amount that they would have received if the power of appointment had
not been exercised.

In determining the transfer tax, deductions will not be made for brokerage
commissions on real estate going directly to the two sons by the will of the
beneficiary, nor of the amount of the Federal estate tax or the dower of the
widow in the real estate of the beneficiary who accepted a devise in lieu of dower.

APPEAL by Henry R. Taylor and others, as executors and trus-
tees, etc., and by Henry R. Taylor and another, individually, from
an order of the Surrogate's Court of the county of New York,
entered in the office of said Surrogate's Court on the 30th day of
June, 1923, as resettled by an order entered therein on the 14th
day of July, 1923, except in so far as said orders sustain certain
grounds of their appeal to the surrogate from a prior order entered
therein, as resettled, fixing and assessing the tax upon the transfers
of said estate.

The opinion of the surrogate rendered upon the appeal is reported in *Matter of Taylor* (121 Misc. Rep. 7).

*Cadwalader, Wickersham & Taft* [*Francis Smyth* of counsel], for the appellants.

*Charles A. Curtin* [*A. Welles Stump* of counsel], for the respondent.

SMITH, J.:

While the executors and trustees are the appellants in this matter, the real parties interested in this appeal are two sons of the decedent who were grandsons of Moses Taylor. Moses Taylor died in 1882, before the enactment of any Inheritance Tax Law in the State of New York. He left a last will and testament which was probated shortly after his death, in which, among other provisions, appeared the following clauses:

"*Fifth.* I give devise and bequeath all the rest and residue of my estate and property, real as well as personal of which I shall die seized, possessed or entitled (including on the death of my wife — or if she should not be living the real estate bequeathed to her for life, or the proceeds of any sale that may be made thereof pursuant to the power hereinafter given in respect thereto and also the stocks and securities set apart for her benefit) to my Executors and Trustees the survivors and survivor of them In Trust for the uses and purposes following that is to say: * * *.

"*Secondly*, that they divide such real and personal estate, or the proceeds thereof, into five equal parts or shares, and designate, hold and invest one such shares for each of my children, Albertina S. Pyne, Catharine Winthrop, Mary Lewis, George C. Taylor and Henry A. C. Taylor, that my Executors and Trustees collect and receive and pay or apply the rents, interest and income arising from the share set apart for each child to his or her use during his or her life."

"*Fourthly*, that upon the death of my children, and as they severally die that my Executors and Trustees convey, pay and assign to the issue of such child, the part or share held in Trust for him or her in such proportions and at such time or times as he or she shall direct and appoint in and by his or her last Will and Testament and in case of failure to make such appointment, then to such issue absolutely."

Henry A. C. Taylor, son of Moses Taylor, died May 28, 1921, a resident of Rhode Island, leaving a last will and testament, in which appears the following paragraph:

"*Twelfth.* All the rest, residue and remainder of my estate, real and personal, whatsoever, and wheresoever situated, and of whatever nature, including both my individual general estate and also

all remainders or other contingent interests in trust or other property, and hereby specifically intending also to exercise the power of appointment given to me in and by the will of my said father, Moses Taylor, over any share of the estate of my father held for my benefit by trustees, except the sum of two hundred thousand dollars ($200,000) hereinbefore appointed to my daughter, I give, devise, bequeath and appoint to my sons, Henry R. Taylor and Moses Taylor, in equal shares, absolutely."

Had Henry A. C. Taylor, the decedent in this proceeding, failed to exercise the power of appointment vested in him, the fund would have descended in equal parts to his three children; but as the decedent, acting under the provisions of the will, exercised the power of appointment as above, the share of each son in the fund was increased nearly fifty per cent. The orders from which appeal has been taken have fixed the tax upon the value of the estate left to the two sons at the entire amount thereof, and have placed no tax upon the $200,000 portion of the above which goes to the decedent's daughter, Harriet.

The two sons of the decedent take the position that, had their father failed to exercise the power of appointment, they would take one-third of the fund directly by the will of Moses Taylor; and that, as that estate was not subject to transfer tax, their portion of the estate should be exempt from tax to the extent of one-third of the fund, and they have so expressed an intent to take under the Moses Taylor will to the extent of one-third each in this fund.

The State claims, and the surrogate has held, that these appellants, not having renounced the legacy under their father's will, but accepting the full benefits thereof, must abide by the rule in this State, that where additional benefits are received under a will as appointees under a prior will, the property passes under the first mentioned will and is subject to the tax. While there is some diversity in the decisions of the courts upon this point, the later decisions seem to sustain the position taken by the State, that where these two sons have obtained an additional benefit by reason of the appointment under the will of their father, the whole property received by them is taxable.

In *Matter of Delano* (176 N. Y. 486, 491) the court says: " The power in this case was exercised by will, in such a way that the appointee became entitled to all the property, instead of an aliquot part.  *  *  *  His title to the most of it depended on the will, as well as upon the deed. He is compelled to resort to the will in order to establish his right, for the deed alone will not suffice."

In *Matter of King* (217 N. Y. 358, 362) the following occurs: " The intent of Charles King was that the fund should not pass

under his will nor revert to his estate unless his daughter failed to exercise the power of appointment. We are doing no violence to his intention when we refuse to change his language or to force partial intestacy upon him. The obvious construction of the two wills leads to the conclusion that respondents received the trust fund pursuant to the exercise of the power of appointment by Fannie King only, and it follows that the fund was subject to the transfer tax."

The Transfer Tax Law, which is contained in subdivision 6 of section 220 of the Tax Law (as amd. by Laws of 1919, chap. 626),* provides as follows:

" 6. Whenever any person or corporation shall exercise a power of appointment derived from any disposition of property, made either before or after the passage of this chapter, such appointment when made shall be deemed a transfer taxable under the provisions of this chapter in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power and had been bequeathed or devised by such donee by will."

It is very apparent that the appellants desire to retain all the benefits accruing to them by reason of the power of appointment of their father, and that they are seeking to elect to take one-third of the above under their grandfather's will solely for the purpose of escaping the transfer tax to that extent. I am of the opinion that they cannot do this under the decisions quoted above.

In *Matter of Lewis* (129 App. Div. 905; affd., 194 N. Y. 550) this court (revg. 60 Misc. Rep. 643) held that a similar fund under this same will of Moses Taylor was taxable. In that case the children of Mrs. Lewis received exactly the same portions under the power of appointment as they would have received under the will of Moses Taylor. Other cases cited by the appellants seem to me to be either distinguishable from the case before us or to have been overruled by later cases.

The appellants made three other points, in which they claim that the appraiser and the orders appealed from were in error:

*First,* they claim that the tax was fixed on the gross value of real estate at Sixty-third street and Park avenue, and that brokerage commissions were not allowed as deductions. This real estate going directly to the two sons of the decedent by his will, any sale thereof would be for their benefit, when the brokerage commissions would simply be deducted on a sale after they acquired title, and should be paid by them and not by the estate.

---

* Since amd. by Laws of 1922, chap. 430.— [REP.

*Second,* the appellants claim that the Federal estate tax should have been deducted. The contrary has been so well settled in this State that nothing further need be said on that point.

The third point raised is that the dower of the widow of Henry A. C. Taylor in real estate should have been deducted. This might have been a correct proposition until the decision by the Court of Appeals in November, 1923, in *Matter of Dunn* (236 N. Y. 461), which seems to dispose of the question raised by the appellants.

The order appealed from should be affirmed, with costs.

DOWLING, MERRELL, FINCH and McAVOY, JJ., concur.

Order affirmed, with costs.