In the Matter of the Transfer Tax on the Es' ate of SOPHIA RYNEAR,
Deceased.

Surrogate's Court, New York County, November 1, 1927.

**Wills — construction — testatrix was beneficiary of trust established in
1889 with power of appointment by will — donor intended that if
testatrix failed to exercise power, remainder was to be paid only to her
surviving children — testatrix appointed certain property to purposes
and persons other than her only surviving son — son had right to elect
to take reduced amount under grandfather's will and reject provisions
made in testatrix's will — transfer tax — by virtue of election, transfer
passed in estate of donor and cannot be validly taxed in estate of donee
— order fixing tax modified by eliminating tax on transfer to son of his
share of appointed fund.**

Testatrix by her father's will was made the beneficiary of a trust, established
on death of her father in 1889, the income of the trust to be paid to her for life
with power of appointment by will as to principal. In the event of her dying
intestate the fund was to be paid to her children, but if she died intestate and
left no children surviving, the fund was to be paid over in equal shares to her
father's grandchildren. A further trust for the benefit of the testatrix was
created which included likewise a one-sixth share of the proceeds of the sale of
real estate owned by her father and the same proportionate part of the residue.
Construing the will as meaning that the testator intended that if his daughter
failed to exercise the power, the remainder was to be paid only to her surviving
children, the only child who survived the donee, a son, wou'd, in the event of
failure to exercise the power, have been entitled to the whole remainder. Testa-
trix, having appointed certain of the property, within the authority given to her
by her father's will, to purposes and persons other than her son, whereby his
interest in the trust fund was reduced, said son had the right to elect to take
this reduced amount under his grandfather's will, and the law permitted him
to reject the provisions made for him in testatrix's will. Consequently, by
virtue of the election of the beneficiary the transfer passed in the estate of the
grandfather and cannot be validly taxed in the estate of the testatrix, so that
the order fixing the tax on the transfer to the son must be modified by eliminating
the tax on the transfer to him.

APPEAL from order fixing transfer tax on the transfer to David
H. Oppenheim.

*Wollman & Wollman* [*Aaron B. Coleman* of counsel], for executor,
appellant.

*Charles A. Curtin* [*A. Welles Stump* of counsel], for Department
of Taxation and Finance.

FOLEY, S.    On this appeal from the order fixing tax a question
arises as to the taxability of the transfer to David H. Oppenheim
in the estate of the donee of a power of appointment. The donor
of such power died in 1889 at a time when transfers to lineal
descendants were exempt by law from taxation. In the donor's

will a trust was created by subdivision 7 of paragraph " second," whereby the income of one-sixth of a fund of approximately $240,000 was directed to be paid to his daughter for life with power to designate, in her last will and testament, the persons entitled to take the remainder of such fund; " in the event of her dying intestate, the same shall be paid to her children, and if she die intestate and leave no children her surviving, the same shall be paid over in equal shares to my grandchildren." A further trust for the benefit of this daughter, who is the testatrix here, was created by subdivision 13 of said paragraph, which included likewise the one-sixth share of the proceeds of the sale of the real estate owned by the decedent, Henry Herrman, and the same proportionate part of the residue. Although it was clearly the intention, as indicated in the will, that these two trusts should be held on similar conditions, the draftsman of the will unfortunately complicated the determination of the persons who might take the remainder under certain contingencies by failure to use identical language, and by the injection of the words " lawful issue " in subdivision 13, as contrasted with the use of the word " children " in subdivision 7.

The preliminary question to be determined is the interpretation of these provisions of the will and the ascertainment of the persons who would have taken the remainder in both funds in default of the exercise of the power of appointment, or, as the testator expresses it, if the donee of the power died intestate. In my opinion, the testator used this last phrase as identical in meaning with the expression, " failure to exercise the power of appointment." I hold, further, that the testator clearly intended that if the donee failed to exercise the power the remainder was to be paid only to the surviving children of the donee. In subdivision 13 the context of the will indicates that the word " issue " was used in the sense of " children." (*Palmer* v. *Horn*, 84 N. Y. 516; *Pimel* v. *Betjemann*, 183 id. 194.)

Applying this construction to the circumstances here, David H. Oppenheim, the only child who survived the donee, would, in the event of the failure to exercise the power, have been entitled to the whole remainder. No provision whatsoever was made for the children of a deceased child of the donee, and the two grandchildren of the donee by her son who predeceased her were not entitled to take in any event under the will of the donor. The testator clearly intended that the general class of his grandchildren — that is, the children of the various life tenants — were to be the ultimate takers, without provision of any kind for further descendants, and without provision for any stirpital distribution in case of issue

predeceasing the respective life tenants. Therefore, if the power of appointment had not been exercised by the decedent here, Sophia Rynear, her son David H. Oppenheim would have taken the entire fund of approximately $103,000. She appointed, however, certain of the property, within the authority given to her by her father's will, to purposes and to persons other than David H. Oppenheim, whereby his interest in the original trust fund was reduced to the sum of $76,703.21.

Under the authorities he had the right to elect to take this reduced amount under his grandfather's will, and the law permitted him to reject the provisions made for him in the will of his mother, the testatrix here. It has been repeatedly held that, where the fund passes, as here, absolutely under the donee's will, the appointee is entitled, as remainderman of the donor's estate, to take under the donor's will. This right of election applies, not only to a caes where the donee's will adds no limitation or condition to the terms of the original remainder, but also to a transfer, such as in the instant case, where under the terms of the donee's will the interest of the remainderman is reduced in amount. (*Matter of Slosson,* 216 N. Y. 79; *Matter of Lansing,* 182 id. 238; *Matter of Ripley,* 192 id. 536, affg. 122 App. Div. 419; *Matter of Haggerty,* 128 id. 479; *Matter of Tuckerman,* 130 Misc. 806.)

My interpretation of the will is necessarily limited to this transfer tax appeal, and is in no way an adjudication as to the respective rights of children, grandchildren or other issue in the other trusts created by the donor's will. By virtue of the election of the beneficiary, any transfer passing in the estate of the donor cannot be validly taxed in the estate of the donee.

The appeal must be sustained, and the order fixing tax must be modified by eliminating the tax on the transfer to David H. Oppenheim of his share of the appointed fund.

Submit order on notice.