In the Matter of the Accounting of Hanover Bank, as Trustee under an Indenture of Trust of J. Pierpont Morgan.

Supreme Court, Special Term, Nassau County, January 14, 1952.

*Stanley F. Reed, Jr.,* for trustee, petitioner.

*Leslie D. Dawson* for William F. Whitehouse, Jr., and another, respondents.

*Edward Super* for William F. Whitehouse and others, as executors of Sybil D. Whitehouse, deceased.

*Davis Polk Wardwell Sunderland & Kiendl* for Junius S. Morgan and another, respondents.

*Nathaniel Taylor,* as guardian ad litem for John Millar and others, infants, respondents.

C. A. JOHNSON, J. This is a proceeding under article 79 of the Civil Practice Act for the judicial settlement of the accounts of the petitioner as trustee under an indenture of trust.

J. Pierpont Morgan, by such indenture, dated February 3, 1897, created a trust in the petitioner's predecessor, Central Trust Company of New York, for the benefit of Sybil Douglas. The income of the trust was to be paid to her during her life. The provision with respect to the disposition of the principal of the trust is as follows: " In case the said SYBIL DOUGLAS should marry and have children then in case of her death the

said capital sum is to be distributed among her children in such shares as she may by Will, or writing in the nature of a Will direct, or in case she should die intestate leaving children, the said capital sum is to be divided pro-rata among said children. In case the said SYBIL DOUGLAS should die leaving no children her surviving, then in that case the said capital sum is to be paid to her mother, ADELAIDE L. DOUGLAS, for her own use and benefit forever. The said ADELAIDE L. DOUGLAS may by her Will dispose of said capital sum in case if living she would have become possessed thereof under the previous clause.'' Sybil Douglas subsequently married William F. Whitehouse. Of this marriage two children were born, both of whom are respondents herein, described as Adelaide Whitehouse Millar, born on October 19, 1913, and William Fitzhugh Whitehouse, Jr., born on August 25, 1915.

Mr. Morgan, the grantor of the trust indenture, died on March 31, 1913.

It appears that Mrs. Whitehouse's son, William Fitzhugh Whitehouse, Jr., has one son, William Fitzhugh Whitehouse, III, and that the daughter, Mrs. Millar, has two children, namely, John Millar and Sybil Millar, all of whom are likewise respondents herein.

The life beneficiary, Mrs. Whitehouse, died on November 10, 1950, a resident of Newport, Rhode Island, leaving her husband William Fitzhugh Whitehouse, and the afore-mentioned children and grandchildren as her survivors. She left a will which was probated in Newport, Rhode Island, and her husband and children have qualified as executors and trustees thereunder. By the second and third articles of this will, she disposed of her personal effects, the bulk of which she divided equally between her children; by the fourth article thereof, she devised certain real estate in Newport, Rhode Island, to her son, William Fitzhugh Whitehouse, Jr., with the right to reject the devise within thirty days of the probate of the will; by the fifth article she provided that if her son should elect to accept the real estate, she gave her daughter, Adelaide Whitehouse Millar, a sum equal to the value of the real estate. By subdivision (A) of the SIXTH article of her will, Mrs. Whitehouse gave her husband, William Fitzhugh Whitehouse, '' an amount equal to one-half the value of my adjusted gross estate as defined in the Revenue Act of 1948''. By subdivision (B) of article SIXTH, she further provided:

"I direct that all the rest, residue and remainder of my property and estate, as well real as personal, and wheresoever situated, to which I may be entitled or which may be subject to my disposal by Will, be divided into two equal shares:

"1. I give, devise and bequeath one such share to my son, WILLIAM FITZHUGH WHITEHOUSE, JR., absolutely and forever.

"2. I give, devise and bequeath the other such share to my trustees hereinafter named, IN TRUST, nevertheless on the following terms and conditions:

"To hold the same in trust, and to invest and re-invest the same and to collect the rents, interest and profits thereof, and after payment of all proper charges and expenses, to pay the net income to my daughter, ADELAIDE WHITEHOUSE MILLAR, for her life, and upon her death to pay over the principal thereof to the children of my daughter, share and share alike, the issue of any deceased child to take the share its parent would have been entitled to if living; and if my daughter should die leaving no issue, to pay over the said principal to my son, WILLIAM FITZHUGH WHITEHOUSE, JR., if living, or, if he be not then living, to his children, share and share alike, the issue of any deceased child to take the share its parent would have been entitled to if living."

The trustee now presents its account and seeks a determination from this court as to the distribution of the principal of the trust.

Is the last-quoted paragraph of Mrs. Whitehouse's will a valid exercise, wholly or in part, of the power vested in her by the trust deed over the principal of the trust? If not, to whom is the principal of the trust now payable? The petitioner suggests that Mrs. Whitehouse had no power to use any portion of the principal of the trust to set up a new trust in favor of her own daughter and of that daughter's children, the daughter Adelaide not having been alive in 1897. The son and daughter of Mrs. Whitehouse and the executors of her will agree that she was without power to create such a new trust, but urge upon the court the conclusion that her attempt to exercise the power of appointment with respect to the principal of the trust entirely falls, with the result that the principal must be divided equally between the son and daughter according to the terms of the trust indenture.

The guardian ad litem of the infant respondents, who are the remaindermen under the trust attempted to be created by Mrs. Whitehouse, contends that her will was an entirely valid exer-

cise of her power over the principal of the trust, and should be executed in every detail.

There appears to be no question but that article Sixth of the will of Mrs. Whitehouse includes an attempt to exercise the power of appointment as created by the indenture of trust. (Personal Property Law, § 18; *Low* v. *Bankers Trust Co.*, 270 N. Y. 143.) The validity of the disposition must be determined under the law of New York, the trust having been created by a resident of New York and administered in New York by a New York trustee throughout its existence. (*Matter of New York Life Ins. & Trust Co.*, 209 N. Y. 585.)

The court has reached the conclusion that the attempt to create a trust in one half of the principal of the Morgan fund in favor of the daughter, Adelaide Whitehouse Millar, was ineffective and invalid for two reasons: (1) Mrs. Whitehouse had power under the trust only to distribute the capital sum and not to create a further trust thereunder (*Matter of Kennedy*, 279 N. Y. 255), and (2) an attempt to exercise a power of appointment to create a trust for the life of a person not in being on the date of the instrument creating the power, contravenes the Statute against Perpetuities. (Personal Property Law, § 11; *Genet* v. *Hunt*, 113 N. Y. 158.)

Full consideration has been accorded the ingenious and forcibly argued contention of the guardian ad litem that the trust being in personal property, the power of alienation was not suspended until the trust became irrevocable; that it did not become irrevocable until the death of the settlor, because until his death, it might have been revoked by agreement of all interested parties; and at the death of the settlor, when the trust became irrevocable, Adelaide Whitehouse Millar was in a legal sense in being, she having been born on October 19, 1913, 202 days subsequent to the death of the settlor. Even if all the steps in the argument of the guardian ad litem should be accepted as sound, it would still be true that the trust indenture conferred upon the life beneficiary no right to create a further trust of the principal fund of the estate, but only to determine the shares in which it was to be distributed among her children. As to the further contention of the guardian ad litem that the word " children " in the trust indenture may be construed to include grandchildren, the court sees nothing in that document that justifies attaching to the word " children ", as used therein, any other than its natural and common meaning.

Should the court sustain any portion of the attempt made by Mrs. Whitehouse to dispose of the principal of the trust herein concerned? If the gift of one half of the fund outright to her son is recognized, there would be an intestacy with respect to the other half of the principal which it would then be arguable should be divided equally between the son and daughter. The result would be that the son would receive 75% of the principal fund and the daughter 25% thereof. This, all the adult members of the family feel, was quite certainly not Mrs. Whitehouse's intention; on the contrary, it seems fairly clear from her will that she intended to treat her children with substantial equality.

The court feels that the more reasonable determination is that Mrs. Whitehouse's attempt to exercise the power of appointment over the capital of the trust is wholly ineffective; that if the portion held invalid should be excised and the gift to the son permitted to stand, the result would be an inequitable division of the estate not foreseen or desired by the parent. A total intestacy with respect to the principal of the trust fund will more nearly carry out her intentions (*Matter of Lyons*, 271 N. Y. 204).

Accordingly, the court determines that Mrs. Whitehouse died intestate, leaving children, in the sense that that phrase is used in the trust indenture, that is, with respect to the capital sum of this trust, she failed to make an effective exercise of the power of appointment vested in her; and the principal and accumulated income of the trust must, therefore, be divided between her children, Adelaide Whitehouse Millar and William Fitzhugh Whitehouse, Jr. (*Matter of Rynear*, 130 Misc. 804).

The court cannot, in this proceeding, make any determination as to liability for estate taxes, the proof before it being insufficient, even if this court had jurisdiction of the subject matter; but the parties will doubtless be able to come to some proper arrangement with respect to the retention by the trustee of sufficient reserves to meet such taxes as may be levied.

An order may be settled on notice in compliance with the views hereinbefore expressed.